UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PANNAGA PRASAD,

    Plaintiff,

-vs-                                      CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC. and EQUIFAX
INFORMATION SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Pannaga Prasad (hereinafter "Plaintiff"), sues Defendants, Experian Information Solutions, Inc. and Equifax Information Services, LLC, and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

1

4. Venue is proper in this District as Plaintiff is a natural person and a resident of San Antonio, Texas; the violations described in this Complaint occurred in this District; and the Defendant transacts business within this district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Under information and belief, Experian Information Solutions, Inc. (hereinafter "Experian"), is a corporation incorporated under the laws of the State of California, authorized to conduct business in the State of Texas through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

7. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

9. Under information and belief, Equifax Information Services, LLC (hereinafter "Equifax"), is a corporation incorporated under the laws of the State of Georgia, authorized to conduct business in the State of Texas through its registered agent, Corporation Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

10. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. Experian and Equifax are two of the "big three" credit reporting agencies in America.

13. In early 2019, Plaintiff became aware that Experian and Equifax were reporting that Plaintiff owed several debts to non-party "Convergent Outsourcing, Inc." regarding an account that originated with non-party "Reliant Energy".

14. Plaintiff has never had any account or business relationship with Reliant Energy.

15. Specifically, Experian and Equifax were each reporting that Plaintiff had four separate accounts that were in collection with Convergent Outsourcing, Inc.

16. These accounts were the only accounts appearing on Plaintiff's credit report that might be considered "negative" as the rest of Plaintiff's accounts (which did actually belong to her) were in good standing.

17. As a result of the actions and/or inactions of the Defendants, Plaintiff's credit score dropped significantly.

18. As a result of the actions and/or inactions of the Defendants, Plaintiff wasted many hours of her personal time researching how to resolve this issue and filing a formal dispute with Defendant.

19. As a result of the actions and/or inactions of the Defendants, Plaintiff was forced to incur a financial loss by sending certified mail to Defendant regarding its error.

20. As a result of the actions and/or inactions of the Defendants, Plaintiff suffered from unnecessary and undesired stress, worry, frustration, and fear.

**CAUSE OF ACTION**

**COUNT I**
**Violations of the Fair Credit Reporting Act as to Experian**

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

22. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

20. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered a financial loss, loss of her personal time, and emotional distress.

23. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

24. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages,

costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
## Violations of the Fair Credit Reporting Act as to Equifax

25. Plaintiff re-alleges and incorporates paragraphs 1 through 20 above as if fully set forth herein.

26. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

27. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered a financial loss, loss of her personal time, and emotional distress.

28. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

29. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully Submitted,

*/s/ William W. Holtz*
William W. Holtz
Texas Bar No.: 24092533
Holtz Law Firm
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (832) 746-4041
Facsimile: (713) 467-1399
*Primary Email: wholtz@holtzlegal.com*
*Local Counsel for Plaintiff*